UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| PAUL SONGCO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Emilio Gonzalez | Harold Bridges |
| | Patrick Folan |

**Proceedings:**   ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

## I.   INTRODUCTION

On August 22, 2008, plaintiffs Bank of America, N.A. ("Bank of America") and Banc of America Investment Services, Inc. ("BAI") filed suit against defendants Hansel Lee and Morgan Stanley & Co., Inc ("Morgan Stanley) alleging that (1) Lee breached his employment agreements by using BAI's trade secrets and other confidential information to contact BAI clients and solicit them to transfer their accounts to Morgan Stanley; (2) defendants misappropriated BAI's trade secrets by using information regarding BAI clients to solicit them to transfer their accounts to Morgan Stanley in contravention of California Civil Code § 17200 et seq.; (3) defendants tortiously interfered with BAI's economic advantage by taking, using, or benefitting from BAI's trade secrets; and (4) Lee breached four promissory notes that he owed BAI.

On August 25, 2008, plaintiffs filed an ex parte application for a temporary restraining order and order to show cause why a preliminary injunction should not issue against defendants. Although plaintiffs have commenced arbitration proceedings with the Financial Industry Regulatory Authority ("FINRA"), plaintiffs seek preliminary relief from this Court pursuant to the "Series 7 Agreement" between the parties and FINRA Proc. R. 13804(a)(1), which provides that "[i]n industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competent jurisdiction ... provided that an arbitration hearing on a request for permanent injunctive relief ... has not yet begun." Ex parte application ("Appl.") at 2-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

3, Ex. 22.

On August 28, 2008, this Court denied plaintiffs' ex parte application for a temporary restraining order and ordered that the parties show cause why the Court should not issue a preliminary injunction.[1] Plaintiffs filed a reply brief on September 4, 2008. Defendants filed their sur-reply on September 11, 2008.[2] The Court finds and concludes as follows.

---

[1]Plaintiffs seek a preliminary injunction providing the following relief:

1. Enjoin Defendants, their officers, employees, agents, representatives and all persons in active concert and participation with any of them as follows:

   (a) From soliciting the business of any BAI client whose name became known to Lee as a result of Lee's access to BAI's Trade Secrets;

   (b) From using, disclosing, or transmitting BAI Trade Secrets for any purpose, including the solicitation of business;

   (c) From destroying, erasing or otherwise making unavailable for arbitration, or any other proceeding between the parties, any records or documents, whether in original, copied, handwritten, computerized or memorialized in any other form in Lee's possession or control which were obtained from or contain information derived from any BAI records; and

   (d) From aiding, abetting or encouraging any other persons or entity to do any of the aforementioned acts

   (e) From contacting any BAI employee for the purpose of requesting any information pertaining to any BAI client.

[2]The Court is in receipt of plaintiff's additional evidence, submitted on September 18, 2008, and defendants' reply and objections to that evidence, submitted on September 19, 2008. In light of the Court's ruling, the Court does not rely on plaintiff's additional evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

## II.    BACKGROUND

     Lee began his career as a broker at Morgan Stanley in August 1999, where he worked until December 2002, when he joined M.L. Stern & Co., LLC ("ML Stern").  Lee Decl. ¶ 2.  Lee left ML Stern and began working for BAI as a financial advisor in May 2004.  Id.  On August 15, 2008, Lee resigned his position at BAI and returned to work for Morgan Stanley.  Compl. ¶ 10; Lee Decl. ¶ 2.  As a BAI financial advisor, Lee acted as a "full-service investment [advisor] facilitating the buying and selling of stocks, bonds, various insurance policies, and money market accounts to clients of Bank of America Premier Banking who are identified as 'affluent' or 'high net worth.'"  Appl. at 3.  Furthermore, BAI financial advisors "typically receive referrals and client leads from Bank of America Premier Banking and other sources within Bank of America ... [u]nlike stand-alone brokerage firms, BAI's Financial Advisors do not typically recruit customers."  Appl. at 3-4.  BAI "owns and maintains extensive client records ... includ[ing] ... the client's identity, social security or tax identification number, address, telephone numbers, transactional history, account balance, asset allocation, income, liquid and total net worth, place of employment, tax status, tax information, banking information, investment objectives and other personal financial data."  Appl. at 4.

     Plaintiffs contend that Lee had access to all of these "trade secrets" which can be

> "very valuable to competitors of BAI because it (1) identifies high net worth clients; (2) identifies the approximate net worth of each client; (3) identifies how each client allocates their assets; (4) identifies what kind of financial services and products they already have; and (5) by deduction, identifies what kind of financial services and products the clients may need, their investment preferences, their tolerance for risk, and other information of a private nature that would be valuable to competitors of BAI."

Appl. at 5.  An "unscrupulous competitor could specifically tailor financial products and services to this pre-selected elite group of customer ... without the need to spend any of their time or resources developing such clients."  Appl. at 5.  Plaintiffs protect this confidential information by only granting access to necessary employees, reviewing all incoming and outgoing paper and electronic correspondence to its financial advisors, and requiring employees to safeguard the information and use it only for the benefit of BAI.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

Appl. at 6-7.

      As part of his employment, Lee was required to comply with BAI's "Series 7 Code of Conduct," "Assigned Account Agreement," "Series 7 agreement," and "Addendum to Series 7 agreement." Appl. at 7. The Series 7 Code of Conduct states that "[c]onfidential information obtained from or about a customer which is specifically identifiable to that customer ... must be afforded a high level of confidentiality" and that "[a]nyone who ... misappropriates ... anything of value of [BAI] may be subject to termination, fine, imprisonment, restitution, payments and other such actions conferred by law and Company policy." Appl. Ex. 1 at 28-29. The Series 7 Code of Conduct also contains a "Non-Solicitation Agreement - to the fullest extent permitted by law." Id. at 31. Similarly, the Assigned Account Agreement requires Lee to acknowledge that the "names, addresses, phone numbers, and all information of the Assigned Accounts and Related Accounts, are confidential and are the sole and exclusive property of BAI" and prohibits Lee from using any of the account information "except for the sole purpose of conducting business on behalf of BAI." Appl. Ex. 3 at 33. The Assigned Account Agreement also prohibits employees, in the event of voluntary or involuntary termination, from soliciting "directly or indirectly, for a period of twelve (12) months ... any customers who maintain accounts at BAI ... or other Clients of BAI whose names became known to Employee as a result of Employee's employment by BAI." Id. The BAI Series 7 agreement similarly lists the "identity of BAI's clients or customers" as BAI's proprietary and confidential information, which is a "valuable and unique" asset and provides BAI with "a competitive advantage specifically because it is not known to the general public." Appl. Ex. 4 at 36.

      Plaintiffs argue that Lee would not have had access to clients but for his employment with BAI. Appl. at 1. Defendants argue that Lee brought some of his clients with him from his prior employment, including his prior employment with Morgan Stanley. Opp'n at 2. Plaintiffs argue that of the 34 accounts Lee has already caused to be transferred to Morgan Stanley, only 5 were accounts that he brought with him to BAI. Corrected Suppl. Aloisio Decl. ¶ 4. Plaintiffs further contend that most of Lee's clients were referrals from other divisions within Bank of America and clients who had pre-existing relationships with Bank of America or one of its subsidiaries. Appl. at 3. Defendants contend that Lee did not take or possess any originals or copies of BAI proprietary documents when he resigned. Opp'n at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

Plaintiffs contend that when Lee resigned from BAI on August 15, 2008, he began to solicit BAI clients to transfer their accounts to Morgan Stanley. Appl. at 1. In support of this contention, plaintiffs submit the declarations of five clients (John Armato, David Harpster, Esther Harpster, David Hope, and Maria Hope) stating that they received unsolicited "information and forms from Lee, which forms were intended to be used to move my accounts from BAI to Morgan Stanley." Appl. Attachment 5. Lee maintains that he merely "telephonically announced his new affiliation" and "if clients requested, Morgan Stanley sent out information about Morgan Stanley." Opp'n at 7; Lee Decl. ¶ 8. Lee acknowledges that he had information about Morgan Stanley sent to John Armato, David Harpster, and Maria Hope, but only after they requested such information when he announced his new employment to them. Lee Decl. ¶ 9. The letter that Lee sent to Mr. Harpster contained account transfer forms, but the letter itself noted that Mr. Harpster had requested the forms. Appl. Ex. 10 at 62 ("As you requested, I have enclosed account transfer forms for your signature.").

## III. LEGAL STANDARD

A preliminary injunction is appropriate when the moving party shows either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in the moving party's favor. See Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987). These are not two distinct tests, but rather "the opposite ends of a single 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.'" Id. A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

## IV. DISCUSSION

### A. Likelihood of Success on the Merits

#### I. Trade Secret Misappropriation Claim

Plaintiffs argue that they will likely prevail on their claim for trade secret misappropriation pursuant to the Uniform Trade Secrets Act, which requires plaintiffs to establish that their client information qualifies as a trade secret and that the conduct at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

issue amounts to "actual or threatened" misappropriation. Cal. Civ. Code § 3426.2(a). Plaintiffs contend that BAI's customer information is a "trade secret," which is defined as information that "(1) [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d).

     Plaintiffs argue that their client information is a "trade secret" because it identifies BAI's high net-worth clients who "actually purchase, or have shown a willingness to purchase, the products and services offered by BAI and its competitors." Appl. at 12-14 (citing American Credit Indemnity Co. v. Sacks, 213 Cal. App. 3d 622, 630-31 (1989) ("ACI customer list is 'information' which has potential economic value because it allows a competitor to direct sales efforts to the elite 6.5 percent of those potential customers which already have evinced a predisposition to purchase credit insurance"); Morlife v. Perry, 56 Cal. App. 4th 1514, 1521-22 (1997) (holding that information derived from business cards and an employee's memory constituted a "trade secret" because it allowed a competitor to direct sales efforts to customers who had already shown a propensity to use certain products and services)). Plaintiffs further argue that they use reasonable efforts to maintain the secrecy of their customer lists based on the written agreements described supra, and their password protection system. Appl. at 15. Plaintiffs contend that these measures are reasonable under California law. Id. (citing Whyte v. Schlage Lock Company, 101 Cal. App. 4th 1443, 1454 (2002); MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 521 (9th Cir. 1993)).

     Defendants respond that the contact information for BAI's clients is not a trade secret because plaintiffs have publicly filed exhibits containing the name and address of one of these clients twice with this Court. Aloisio Decl. Ex. 10; Aloisio Supp. Decl. Ex. 25.

     The Court finds that plaintiffs will likely be able to show that BAI's client information constitutes a trade secret. BAI's client information is not "readily ascertainable" through public sources, such as business directories. American Paper & Packaging Products, Inc. v. Kirgan, 183 Cal. App. 3d 1318, 1326 (1986). Furthermore, where an employer has "expended time and effort identifying customers with particular needs or characteristics, courts will prohibit former employees from using this information to capture a share of the market." Morlife, 56 Cal. App. 4th at 1521. BAI has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

expended time and effort acquiring clients with particular investment needs and preferences and the majority of the clients that Lee serviced at BAI came from within Bank of America. Additionally, BAI has used reasonable efforts to keep this information confidential, despite the seemingly inadvertent disclosure of the name and address of Harpster in documents filed with the Court.

Plaintiffs also contend that defendants' acquisition and use of BAI's confidential information constitutes misappropriation. Misappropriation is defined as "acquisition of a trade secret" by someone "who knows or has reason to know that the trade secret was acquired by improper means"; or "[d]isclosure or use" of a trade secret without consent by someone who (a) "[u]sed improper means to acquire knowledge of the trade secret"; or (b) "[a]t the time of disclosure or use" the person "knew or had reason to know that his or her knowledge of the trade secret was: (i) derived from or through a person who had utilized improper means to acquire it; (ii) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (iii) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use." Cal. Civ. Code § 3426.1(b). Solicitations by an ex-employee of her ex-employer's clients using confidential client information constitutes misappropriation. Morlife, 56 Cal. App. 4th at 1523-24; MAI Systems Corp., 991 F.2d at 521. Plaintiffs argue that Morgan Stanley sent BAI clients unsolicited account transfer forms and that Morgan Stanley would not have known who to target, but for Lee's disclosure of BAI's trade secrets. Appl. at 16.

Defendants argue that Lee has not done anything illegal and merely announced his new employment to his clients, as he is entitled to do. Opp'n at 6; Sacks, 213 Cal. App. 3d at 636 . Defendants contend that this right extends to "true trade secret clients." Opp'n at 10 (citing Sacks, 213 Cal. App. 3d at 636; Hilb Rogal & Hamilton Ins. Svcs. v. Robb, 33 Cal. App. 4th 1812, 1821 (1995)). Defendants further contend that "willingness to discuss business upon the invitation of another party [does not] constitute solicitation on the part of the invitee." Opp'n at 9-10 (quoting Aetna Bldg. Maintenance Co., Inc. v. West, 39 Cal. 2d 198, 203 (1952)). Plaintiffs acknowledge that Lee is entitled to announce his new employment, but argue that his actions went beyond mere announcement and constituted solicitation.

The Court concludes that plaintiffs will likely be able to show that Lee solicited BAI's clients and therefore misappropriated BAI's trade secrets. Plaintiffs have submitted the sworn declarations of five BAI clients to the effect that Lee sent them

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

account transfer forms that they did not request.³  This conduct goes beyond "[m]erely informing customers of one's former employer of a change in employment" and constitutes solicitation.  Aetna Bldg., 39 Cal.2d at 204.  Furthermore, it is immaterial that Lee did not physically take anything with him when he left BAI; he had a duty not to solicit BAI's clients.  Sacks, 213 Cal. App. 3d 622, 635-36 ("providing personal service to a customer whose identity is a trade secret does not thereafter render that customer fair game for solicitation.").

     Defendants argue that even if Lee solicited BAI's clients, non-solicitation agreements are void in California and therefore "BAI's claim that customer contact information is a trade secret and confidential and proprietary to it is directly contrary to controlling California authority."  Opp'n at 7.  The California Supreme Court recently held that Cal. Bus. & Prof. Code § 16600 renders non-solicitation covenants void and unenforceable.  Edwards v. Arthur Andersen LLP, 44 Cal. 4th 937, 949-50 (2008).  However, the court declined to address the "so-called trade secret exception to section 16600" because the ex-employee in that case did not "contend that the provision of the noncompetition agreement prohibiting him from recruiting [his ex-employer's] employees violated section 16600."  Id. at 946.

     Nevertheless, defendants contend that the "so-called trade secret exception" to § 16600 is inapplicable because non-competitive restraints are strictly construed to protect "Californians and ensure 'that every citizen shall retain the right to pursue any lawful

---

     ³ Defendants object to these statements as hearsay.  Def's Objections at 2-3.  Plaintiffs argue that these sworn statements are competent evidence because they are not being offered to prove the truth of the matter asserted, but rather that the declarants believed that Lee was soliciting them to transfer their accounts to Morgan Stanley. Pl. Resp. to Def. Objections, Nos. 1, 3, 5, 7, 9, and 46.  The Court finds that these statements are hearsay because plaintiffs are using them to prove that defendants solicited BAI clients.  However, the Court has discretion to consider hearsay evidence.  Flynt Distrib. Co., Inc. v. Harvey, 734 F. 2d 1389, 1394 (9th Cir. 1984) ("The trial court may give even inadmissible evidence some weight when to do so serves the purpose of preventing irreparable harm before trial."); Heideman v. South Salt Lake City, 348 F.3d 1182, 188 (10th Cir. 2003) ("The Federal Rules of Evidence do not apply to preliminary injunction hearings").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

employment and enterprise of their choice.'" Edwards, 44 Cal. 4th at 946.  Defendants further argue that the Court should not "blue-pencil" offensive provisions and "strike a new bargain for the parties for the purposes of saving an illegal contract." Strategix v. Infocrossing, 142 Cal. App. 4th 1068, 1074 (2006).  Defendants also argue that the express non-solicitation provisions do not "emanate from any confidential information provisions ... of the alleged employment contract," but rather "emanate from wholly separate sections of these documents, expressly dealing with BAI's competition."  Opp'n at 4 (emphasis in original).  Defendants conclude by arguing that these non-solicitation agreements should not be enforced because BAI's "Series 7 Code of Conduct" only provides for a non-solicitation agreement "to the full extent permitted by law."  Opp'n at 5; Appl. Ex 1 at 31.

The Court concludes that "trade secret exception" to §16600 still applies.  Nothing in Edwards is to the contrary.  Edwards, 44 Cal. 4th at 946.  Therefore, the Court's conclusion that plaintiffs will likely be able to show that defendants misappropriated BAI's trade secrets is not altered by the California Supreme Court's decision in Edwards.

### ii.    Breach of Contract Claim

Plaintiffs argue that the non-solicitation provisions of the agreements that Lee signed are valid and enforceable under California law.  Appl. at 16-17 (citing John F. Matull & Assoc. v. Cloutier, 194 Cal. App. 3d 1049, 1056 (1987); Gordon v. Landau, 49 Cal. 2d 690, 694 (1958)).  Defendants argue that the California Supreme Court in Edwards, 44 Cal. 4th 946, supra, recently declared all solicitation agreements void.  However, as discussed supra, the "trade secret exception" to §16600 remains intact.  Therefore, the Court concludes that plaintiffs will likely succeed on their breach of contract claim.

### iii.    Unfair Competition Claim

Plaintiffs argue that defendants' use of BAI's "confidential client information" to compete with BAI and solicit BAI's customers is unfair competition pursuant to Cal. Bus. & Prof. Code §§ 17200, et. seq.  Appl. at 18 (citing Courtesy Temporary Service, Inc. v. Camacho, 222 Cal. App. 3d 1278, 1281 (1990); Cloutier, 194 Cal. App. 3d at 1055-6).  Section 17200 provides that "unfair competition shall mean and include unlawful, unfair or fraudulent business practice" and section 17203 provides for injunctive relief against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

"[a]ny person performing or proposing to perform an act of unfair competition within this state." Cal. Bus. & Prof. Code §§ 17200, 17203. Given the Court's conclusion that defendants will likely prevail on their trade secret misappropriation claim, the Court finds that plaintiffs will likely prevail on their unfair competition claim as well. Courtesy, 222 Cal. App. 3d at 1292 ("a former employee's use of confidential information obtained from his former employer to compete with him and to solicit the business of his former employer's customers, is regarded as unfair competition").

### B. Irreparable Harm

Plaintiffs argue that they will suffer irreparable harm because in addition to measurable damages, defendants' conduct will "continue to raise doubts and suspicions regarding BAI's ability to keep its promise and maintain the confidentiality of its clients' information." Appl. at 9. Plaintiffs contend that this harm to their business reputation and to their reputation with their clients constitutes irreparable harm. Id.

Defendants argue that BAI is not in any danger of immediate harm and that plaintiffs' claim is essentially one for lost commissions, which can be compensated with money damages. Opp'n at 12 (citing Merrill Lynch, Pierce, Fenner & Smith Inc. v. de Liniere, 572 F.Supp. 246 (N.D. Ga. 1983) ("Any loss to Merrill Lynch may be adequately redressed with money damages ... the only possible irreparable result would be some vaguely defined loss of business momentum ... the real loss is commission revenue generated by [plaintiff] from former Merrill Lynch customers"); Sampson v. Murray, 415 U.S. 61, 90 (1964) (holding that injuries that can be compensated by money damages at a later time are not irreparable). Defendants further contend that any irreparable harm would be to BAI's clients, who would be "faced with having to deal with new and unfamiliar brokers." Id. at 6.

The Court concludes that plaintiffs have shown a significant threat of irreparable harm. If defendants' conduct persists, BAI will suffer harm to its reputation if it is perceived to have violated or allowed the violation of its clients' confidential contact information and financial data. Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) ("we have also recognized that intangible injuries, such as damage to ongoing recruitment efforts and goodwill, qualify as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

irreparable harm").

### C. Balance of Hardships

Defendants argue that Lee and his clients would suffer far greater harm than plaintiffs if plaintiffs are granted injunctive relief. Opp'n at 8. Defendants argue that a preliminary injunction will hinder their ability to defend against plaintiffs' claims and Lee's assimilation into his new employment. Id.; Robinson v. Jardine Ins. Brokers Int'l, Ltd., 856 F. Supp. 554, 559 (N.D. Cal. 1994). Defendants also argue that the equities weigh in their favor because of plaintiffs' "harassment, gamesmanship, and interference" with Lee and his clients. Id.; Lee Decl. ¶¶ 4-7; Eskoff Decl. ¶¶ 3-4. Plaintiffs respond that the proposed injunctive relief will not interfere with Lee's ability to earn a living or lawfully compete with BAI, but rather it will "merely force Lee to abide by the current state of the law" and limit him to announcing his new employment rather than soliciting BAI's customers. Pl. Reply at 9. Plaintiffs further argue that the requested injunctive relief will trigger an expedited FINRA hearing within 15 days of its issuance, which would "expeditiously resolve" the issue on the merits. Id. at 10.

The Court finds that the balance of the hardships tips in favor of plaintiffs. A preliminary injunction will not interfere with Lee's ability to earn a living because he will be permitted to announce his new employment to former clients. The harm to defendants is particularly slight here, where granting injunctive relief will trigger an expedited FINRA hearing, so that the underlying merits of this dispute will be quickly adjudicated.

### D. Public Interest

The Court finds that the public interest lies in favor of protecting plaintiffs' trade secrets. While California has a strong public policy in favor of competition, this interest yields to California's interest in protecting a company's trade secrets. Latona v. Aetna U.S. Healthcare, Inc., 82 F. Supp. 1089, 1096; Schlage, 101 Cal. App. 4th at 1461.

### V. CONCLUSION

Plaintiffs have shown a likelihood of success on the merits and a significant threat of irreparable harm. Plaintiffs have also shown that the balance of hardships and public interest tip in their favor. For the forgoing reasons, the Court finds that plaintiffs have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5546 CAS(JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A.; ET AL. v. HANSEL LEE; ET AL. | | |

shown cause why the Court should issue a preliminary injunction and therefore GRANTS plaintiffs' request for a preliminary injunction. Plaintiffs have been directed to submit an proposed order with revised terms for the preliminary injunction. Until that order becomes final, the preliminary injunction as set forth above is in effect.

    IT IS SO ORDERED.

|  |  | : | 15 |
|---|---|---|---|
|  | Initials of Preparer |  | PS |